## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEANETTE D. BERGERON** | **CIVIL ACTION** |
| **VERSUS** | |
| **LOFTON SECURITY, INC.** | **NO. 19-429-SDD-SDJ** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 15, 2020.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEANETTE D. BERGERON** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-429-SDD-SDJ** |
| **LOFTON SECURITY, INC.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are a Rule 12(b)(6) Motion to Dismiss filed by Defendant Lofton Security, Inc. ("Lofton") (R. Doc. 8) and a Motion for Hearing (R. Doc. 12) filed by Plaintiff. No opposition to either Motion has been filed.

**I.   BACKGROUND**

On or about July 2, 2019, *pro se* Plaintiff Jeanette D. Bergeron ("Plaintiff") initiated this litigation, naming "Lofton Security" as the sole defendant.[1] Plaintiff's Complaint brings a cause of action for "Age Discrimination" against Lofton, with the relief sought being reinstatement of Plaintiff's "security license."[2]

According to Plaintiff, she worked for Lofton, in part, during the Louisiana State University ("LSU") football season.[3] In November 2018, during the last game of the season, Plaintiff's co-worker was arrested for accepting money in exchange for allowing people to part in a permit-only lot.[4] After the arrest of her co-worker, Plaintiff was issued a citation by the police

---

[1] R. Doc. 1 at 1.
[2] *Id.* at 1, 2.
[3] *Id.* at 3.
[4] *Id.* at 3-4.

because, per Plaintiff, "[her co-worker] said I conspired with her to take money for parking."[5] Following the incident, security officers with Lofton took Plaintiff to her car and "Colonel Aaron," presumably with Lofton, later "took [Plaintiff's] hat and [her] coat."[6]

The following week, when she did not receive her wages, Plaintiff went to the offices of Lofton where, according to Plaintiff, "Lofton made false allegations against [her] and forced [her] to sign paperwork on false allegations."[7] Subsequently, "Colonel Aaron" "took" the hours Plaintiff usually worked during football season "and gave them to someone else."[8] He also allegedly "took [her] driving privileges to the assigned area" and "continued to harass [her]."[9] Plaintiff claims that when she later "reported to work," she received "a phone call about leaving the property" and was written up.[10] Attached to Plaintiff's Complaint is a "Counseling Report" issued by Lofton, dated November 19, 2018, and indicating that Plaintiff was receiving a "Final Written Report" and being terminated immediately for violating various delineated Lofton policies and being charged with theft by the LSU Police Department.[11] Plaintiff signed this Report.[12]

Prior to filing the instant lawsuit, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Lofton.[13] On June 14, 2019, the EEOC issued Plaintiff a "right-to-sue" letter stating that the EEOC was closing its file and had made "the following determination: Based upon its investigation, the EEOC is unable to conclude that the

---

[5] *Id.* at 4. It is unclear from Plaintiff's Complaint which police department arrested Plaintiff's co-worker and/or issued Plaintiff her citation. However, a report attached to Plaintiff's Complaint indicates that the LSU Police Department issued her citation. *See* R. Doc. 1-1 at 1.
[6] R. Doc. 1 at 4. No further identifying information is provided about "Colonel Aaron."
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] R. Doc. 1-1 at 1.
[12] *Id.*
[13] The Court notes that in her EEOC charge, Plaintiff alleges that she was discriminated against on the basis of race, color, sex, and age. R. Doc. 1-1 at 6. However, in filing the instant litigation, Plaintiff only lists "Age Discrimination" as the grounds for filing her lawsuit. R. Doc. 1 at 1.

information obtained establishes violations of the statutes…. No finding is made as to any other issues that might be construed as having been raised by this charge."[14]

In response to Plaintiff filing this lawsuit, Lofton, on October 18, 2019, filed the instant Rule 12(b)(6) Motion to Dismiss (R. Doc. 8). As argued by Lofton, Bergeron has "advanced no allegations suggesting that Lofton took any action against Bergeron because of her age."[15] Lofton also claims that Plaintiff failed to fully exhaust her administrative remedies before filing this suit.[16] Specifically, Lofton argues that Plaintiff did not bring all the claims in the current litigation before the EEOC, raising only the issue of the termination of her employment.[17]

Although Plaintiff did not file an opposition to Lofton's Motion to Dismiss, she did file a Motion for Hearing (R. Doc. 12) on February 27, 2020, in which she requested the Court schedule a hearing regarding her case.[18] Both of these motions are addressed, in turn, below.

## II.    LAW AND ANALYSIS

### A.    Legal Standards

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[14] R. Doc. 1-1 at 4.
[15] R. Doc. 8-1 at 1.
[16] *Id.* at 6-7.
[17] *Id.*
[18] R. Doc. 12 at 1.

In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557.  Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively").  Furthermore, in most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal "unless it is clear that the defects are incurable").  However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

**B.**  **Dismissal of Plaintiff's Claims**

While Plaintiff, in her Complaint, does not specify the statute or statutes she claims Lofton violated, claiming only "Age Discrimination," the Court will proceed under the assumption that Plaintiff seeks redress under the Age Discrimination in Employment Act ("ADEA").  The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

Here, the Court construes Plaintiff's ADEA claim as arising out of her alleged unlawful discharge from employment with Lofton.

In order to establish a *prima facie* case of discrimination under the ADEA, Plaintiff must show that (1) she was discharged, (2) she was qualified for the position at issue, (3) she was within the protected class at the time of discharge, and (4) she was replaced by someone younger or someone outside of the protected class, or otherwise terminated because of her age.  *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011) (citing *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)).  "While a plaintiff need not plead a *prima facie* case of discrimination in her complaint, the *prima facie* elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim."  *Durham v. Ascension Parish Sch. Bd.*, No. 14-445, 2015 WL 3456646, at *3 (M.D. La. May 29, 2015) (citation omitted).

Even held to less stringent standards in light of Plaintiff's *pro se* status, the allegations in Plaintiff's Complaint and attachments fail to establish the elements of a claim for discrimination under the ADEA.  Plaintiff was a member of the protected class, which includes those individuals forty years or older, at the time her employment with Lofton was terminated.[19]  *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (those forty years or older are within the class protected by the ADEA) (citing 29 U.S.C. § 631(a)).  However, while she alleges she was discharged from her position with Lofton, she does not allege that her termination or any other adverse action was in any way related to her age.  For example, Plaintiff alleges that "Colonel Aaron took the hours [Plaintiff usually works during football season] and gave them to someone else," but she does not assert that the action was taken because of her age.[20]  Similarly, Plaintiff

---

[19] In her Charge of Discrimination with the EEOC, Plaintiff lists her year of birth as 1957. R. Doc. 1-1 at 6.
[20] R. Doc. 1 at 4.

does not claim that a person younger than her, or someone outside of the protected class, replaced her.

Other potential adverse actions mentioned by Plaintiff include "[l]oss of wages," being "[d]enied [g]ainful [e]mployment of at least 30 hours," and not being given a "permanent spot."[21] But again, Plaintiff makes no assertions that these actions were taken because of her age. Plaintiff also makes additional claims against "Colonel Aaron," alleging, in part, that he harassed her, disrespected her by leaving her in the rain twice, took away her driving privileges after the incident here at issue occurred, and "wrote [her] up" when she returned to Lofton after the incident.[22] However, Plaintiff never alleges that his actions were taken as a result of her age or were in any way related to her age. As such, Plaintiff has failed to state a claim for age discrimination in violation of the ADEA. Based on the foregoing, Plaintiff's claims are subject to dismissal in their entirety.[23]

### C. Leave to Amend

Despite the shortcomings outlined above, courts are encouraged to grant leave to amend the complaint once to cure such deficiencies before dismissing a lawsuit with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("Although a court may dismiss [a deficient] claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."). Given the record, and Plaintiff's *pro se* status, the Court finds it appropriate to grant Plaintiff leave to file an amended complaint should she wish to cure the foregoing deficiencies.

---

[21] *Id.* at 3.
[22] *Id.* at 3-4.
[23] The Court notes that because it finds that Plaintiff has failed to state a cause of action for discrimination under the ADEA, it does not here address the issue of whether Plaintiff properly exhausted her administrative remedies prior to filing this lawsuit.

**D.     Motion for Hearing**

On February 27, 2020, Bergeron filed a Motion for Hearing (R. Doc. 12), stating that she "is requesting a court date for the hearing on grounds of harassment, loss of wages and job discrimination."[24] In light of this Court's finding that Plaintiff has failed to state a valid claim for damages against Lofton and recommendation that Plaintiff be allowed to file an amended complaint, should she so choose, the Court finds that a hearing is not needed.

**IV.    CONCLUSION**

For the foregoing reasons,

**IT IS RECOMMENDED** that Lofton's Rule 12(b)(6) Motion to Dismiss (R. Doc. 8) be **GRANTED,** and the claims of Plaintiff against Lofton be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to file an amended complaint within **21 days** of the Court's ruling to the extent Plaintiff wishes to cure the deficiencies outlined above. Should Plaintiff decline to file an amended complaint, her claims should be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Hearing (R. Doc. 12) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 15, 2020.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] R. Doc. 12 at 1.